**In re Albert Ortega MURILLO and Arlene M. Murillo, Debtors.**

**Bankruptcy No. 79–24632(CA).**

United States Bankruptcy Court, C. D. California.

June 11, 1980.

Peter Susi, Michaelson & Susi, Santa Barbara, Cal., for the trustee Lawrence A. Diamant.

Robert Sirois, Slate & Leoni, Oxnard, Cal., for debtors.

Lawrence A. Diamant, Robinson, Wolas & Diamant, Los Angeles, Cal., Trustee in Bankruptcy.

## MEMORANDUM OF DECISION

CALVIN K. ASHLAND, Bankruptcy Judge.

The Trustee's Objection to Claim of Exemption was heard on April 30, 1980, in Santa Barbara, California. Oral testimony was taken at that time. The matter was continued in anticipation that further testimony would be required. By letter of May 2, 1980, the court was informed that there would be no further testimony and that all parties agreed the matter should stand submitted.

Peter Susi of MICHAELSON AND SUSI appeared on behalf of Lawrence A. Diamant, the trustee in bankruptcy. Robert Sirois of SLATE & LEONI appeared on behalf of the debtors.

Albert Ortega Murillo and Arlene Murillo filed voluntary petitions in bankruptcy on December 6, 1979. The debtors claimed a homestead exemption of $40,000 pursuant to California Civil Code § 1240 or a dwelling house exemption pursuant to California Code of Civil Procedure § 690.31.

The Trustee's Objection to Claim of Exemption was filed on March 26, 1980. The trustee alleged that the debtors were only entitled to a $20,000 homestead exemption because certain debts owed by the debtors were in existence at a time when the maximum homestead allowance was not in excess of $20,000. The debtors filed a response to the trustee's objection to claim of exemption on April 7, 1980.

The Bankruptcy Code § 541 (11 U.S.C. § 541) provides that upon the filing of a case under §§ 301, 302, or 303, an estate is created comprised of all property, wherever located, in which the debtor has a legal or equitable interest. The result is that all interests in property owned by the debtor as of the commencement of the bankruptcy case become property of the estate, including any property interests which the debtor might claim as exempt. 4 Collier on Bankruptcy (15th Ed.) § 541.03, pp. 541–14 to 541–16. Once such property comes into the estate the debtor is then entitled to exempt the property pursuant to § 522 which in subsection (b) provides "Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate . . ." § 522(b) allows the debtor to choose between Federal Exemptions [§ 522(b)(1)] or state or local law exemptions applicable on the date of the filing of the petition [§ 522(b)(2)(A)].

The debtors in their schedules chose the exemptions provided by state law in California, in particular the homestead exemption provided by Civil Code § 1240 and the dwelling house exemption provided by Code of Civil Procedure § 690.31.

The amount of the homestead exemption in California is controlled by Civil Code § 1260. Under Civil Code § 1260, increases in the amount of a homestead previously recorded are permitted to the extent that such increase does not impair or defeat the right of any creditor to execute upon the property which existed prior to the date of increase. This provision has been in effect since the 1970 amendments to Civil Code § 1260 at which time the homestead for a head of household increased from $15,000 to $20,000 effective January 1, 1971. In 1976, it was increased to $30,000 effective January 1, 1977, and in 1978 to $40,000 effective January 1, 1979. The exemption from execution under a declaration of homestead is limited with respect to the amount of the exemption existing at the time of the creation of the obligation. *In re Rauer's Collection Co., Inc.*, 87 Cal.App.2d 248, 196 P.2d 803 (1948). Civil Code § 1260 only has a prospective effect.

The debtors now concede that they are not entitled to a $40,000 homestead exemption because they incurred debts in excess

of $10,000 between January 1, 1977 and January 1, 1979, and the preamendment creditors are entitled to protection. The debtors claim that they are entitled to a $30,000 homestead exemption.

The trustee contends that the debtors are only entitled to a $20,000 homestead exemption because they had one debt of $850.00 that predated the 1976 amendment raising the exemption from $20,000 to $30,000. The trustee argues that a creditor is bound only by the amount of an exemption existing at the time of the extension of credit and a trustee in bankruptcy stands in the shoes of pre-amendment creditors and succeeds to their rights as of the time the credit was extended. *England v. Sanderson*, 236 F.2d 641 (9th Cir. 1956). The trustee further argues that the amount of the pre-amendment debt is not relevant citing the doctrine of *Moore v. Bay*, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133 (1931). It is the trustee's position that any debt in existence prior to the amendment of § 1260 prevents the debtor from taking advantage of the statutory increase.

The debtors take the position that they are entitled to the 1976 statutory exemption minus any pre-existing debts relying on *In re Swenor*, 452 F.Supp. 673 (N.D.Calif.1978). Therefore, they contend that they are entitled to the $30,000 exemption, minus the $850.00 debt, for an exemption of $29,150.

A fair reading of *England v. Sanderson*, leads to the conclusion that there were preamendment creditors whose claims totalled more than the $5,000 increase in the homestead exemption. This is important in a case such as this where there is only one pre-existing creditor having a claim small in relation to the increase. *England v. Sanderson* cited *Moore v. Bay*, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133 (1931), only for the proposition that the recovery made by a trustee is for the benefit of all creditors in accordance with the distributive provisions of the Bankruptcy Act and is not merely for the benefit of those who could have attacked the transfer outside of bankruptcy. The court sought to avoid an undesirable grab law result by not relegating pre-exist-ing creditors to state courts where one large creditor might get all the difference to the exclusion of all other pre-existing creditors.

The debtors should have the right to the maximum exemption to which they are entitled as of the date of the filing of the petition, but the trustee should have the additional power to reach for the benefit of creditors generally that portion of the increase in exemption which could be subjected to levy by actual creditors holding pre-amendment claims. This concept was carefully analyzed and reasoned in the case of *In re Swenor*, supra. The court in *Swenor* cited the proposal set forth in Treister, The Effect in Bankruptcy of the Increased Homestead Exemption, 39 J.St.B.Cal. 143 (1964). This court is confident that the solution to the problem along the lines suggested, was not urged at the time of *England v. Sanderson*, and is as confident as the court in *Swenor* that a consideration by the 9th Circuit of the effect of *Lewis v. Manufacturers National Bank of Detroit*, 364 U.S. 603, 81 S.Ct. 347, 5 L.Ed.2d 323 (1961) upon *Constance v. Harvey*, 215 F.2d 571 (2nd Cir. 1954) would lead to a rejection of the interpretation of Bankruptcy Act § 70c (now § 544(a) of the Bankruptcy Reform Act of 1978) as set forth in *England v. Sanderson*. The analysis of *Swenor* is not affected by the adoption of the Bankruptcy Reform Act of 1978 as § 544(a) is very similar to § 70c of the Bankruptcy Act.

In conclusion, the debtors are entitled to the exemption as it existed on the date of bankruptcy less the aggregate of the claims pre-dating the amendment to the exemption statute. The aggregate, however, shall be limited to the amount of the increase in the exemption. The debtors are entitled to an exemption of $40,000 less $10,000 (the aggregate of debts incurred between January 1, 1977 and January 1, 1979 was in excess of $10,000), less the $850.00 debt, for a homestead exemption of $29,150.00.

A different approach is taken in *In re Pappas Investors*, 2 B.R. 138 (Bkrtcy.D.C. 1980). First, the exemption amount in effect before the increase in the homestead

exemption is set aside for the debtor. Second, the trustee is entitled to an amount equal to the claim or claims as to which the increase in exemption is ineffective. Third, the debtor is entitled to the balance of the increase. This approach results in giving the pre-amendment creditors the first dollars in excess of the original exemption instead of the last dollars of the new exemption.

By this approach, the debtors would receive a different exemption than allowed in this case. The excess value of the property after all liens and encumbrances are satisfied is $27,200. The debtors would get $20,-000 (the exemption in effect before the increase). Then the trustee would get $10,-850 (the amount equal to all claims to which the increase was ineffective). Lastly, the debtors would get $9,150. Since the trustee took only $7,200, being short $3,650, there is no increase remaining for the debtors. Their exemption would be only $20,000 instead of $29,150, as allowed by this court.

This Memorandum of Decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 752. A separate order based upon this memorandum of decision has been prepared and will be entered.