In re James Denham McDANIEL and Barbara Arend McDaniel, Debtors.

Bankruptcy No. 80-0143-K.

United States Bankruptcy Court,
S. D. California.

Aug. 7, 1981.

Joe Turner, San Diego, Cal., for debtors.

Patrick Shea, San Diego, Cal., for Official Creditors Committee.

## MEMORANDUM OF OPINION RE: OCC'S OBJECTIONS TO DEBTORS' CLAIM OF EXEMPTIONS

HERBERT KATZ, Bankruptcy Judge.

On January 23, 1980, the debtors, James and Barbara McDaniel, filed their Chapter 11 petition. Schedule B–1, a listing of their real property assets, included a single family residence located at 1650 La Jolla Rancho Road, La Jolla, California. Mrs. McDaniel, pursuant to § 522(b)(2)(A), which allows the exemption of property exempt under state law applicable on the date of the filing of the petition claimed a $40,000 California exemption. Pursuant to Cal.Civ.Code § 1237 et seq. the debtors had recorded a homestead declaration on the above property on October 21, 1976. On August 27, 1980, the Official Creditors Committee ("OCC") filed written objections to several of the debtors' exemptions, including the claimed homestead exemption.

On June 16, 1981, this court, complying with the debtors' request to sell the subject property, ordered the property to be transferred from the estate to the debtors, who were authorized to sell the property. The property was sold on June 25, 1981 and the net proceeds were transferred to the court appointed controller of the estate pending a determination of the debtors' homestead exemption claim. A hearing was held regarding said issue on July 8, 1981, at which time the debtors were ordered to file an amendment to their schedules listing the dates on which their unsecured debts were incurred.

The debtors allege that this court should look at the homestead exemption amount in effect at the time of the filing of the Chapter 11 petition to determine the rights of the trustee as the hypothetical lien creditor pursuant to 11 U.S.C. § 544(a). Furthermore, the debtors contend that since no unsecured creditor predated the debtors' recordation of the declaration of homestead, the OCC's objections must be denied.

The OCC counters the debtors' contentions by stating that a homestead exemption is lost by the voluntary sale of property and the transfer of proceeds out of the hands of the debtor (i. e., to the estate's court appointed controller) or, in the alternative, that if the homestead exemption should apply, the $40,000 amount is not available to the debtors.

In analyzing the parties' arguments, the threshold question of the applicability of § 544(a) to the instant issue must be discussed. Section 544(a), in relevant part, states:

The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any *transfer* of property of the debtor or any *obligation incurred* by the debtor . . . .

A "transfer," as defined in 11 U.S.C. § 101(40) is:

every mode, direct or indirect, absolute or conditioned, voluntary or involuntary, or disposing of or parting with property of with an interest in property, including retention of title as a security interest.

■ The declaration of or an increase in, a homestead exemption is neither a transfer nor an obligation incurred. *In re Skipwith*, 9 B.R. 730, 737 (1981). Therefore, § 544(a) does not permit the trustee or the OCC to set aside the statutory increase in the amount of the allowed homestead.

■ Here, the controlling statute is § 522(b) which permits a debtor to either select property exempt pursuant to federal law under § 522(d) or state law applicable on the date of the filing of the petition under § 522(b)(2)(A). Section 522(1) states that "[u]nless a party in interest objects, the property claimed as exempt on . . . (the debtor's list of exemptions) . . . is exempt." The OCC, as evidenced by its statutory duties in 11 U.S.C. § 1104(c), is a party in interest with standing to object to the debtors' choice of exemptions. Therefore, since the debtors chose the state exemptions and the OCC is a proper objecting party, the issue this court must decide, concerns the amount of cash proceeds the debtors may properly exempt from the sale of their residence through their homestead declaration, under applicable California law.[1]

■ In the case of *In re Rauer's Collection Co.*, 87 Cal.App.2d 248, 196 P.2d 803 (1948), the court reasoned that creditors rely on the amount of the homestead exemption when they extend credit, and that a retroactive application of the homestead increase would unconstitutionally impair those contractual obligations. Thus, under California law, an increase in the amount of the homestead exemption has only prospective effect. As to creditors whose claim arose prior to the increase, the debtor may not claim the increased amount of the homestead exemption. See also, *In re Bassin*, 637 F.2d 668 (9th Cir. 1980).

Furthermore, the Ninth Circuit in *England v. Sanderson*, 236 F.2d 641 (9th Cir. 1956), held that bringing the excess equity from the homestead exemption increase into the bankrupt estate resulted in "no invasion of exempt property, because the pre-existing creditors have rights against the bankrupt estate in excess of [the prior amount], and the trustee asserts their rights for the benefit of all the creditors." *Ibid* at 643. Therefore, the court maintained that the debtor was not entitled to the increased amount of the homestead exemption in effect when he filed bankruptcy.

In the instant case, the debtors' Amendment to their Schedule A–3 (filed July 13, 1981), listing their unsecured creditors and the dates on which these debts were incurred, details 36 unsecured debts, the senior of which arose on June 15, 1978. Effective January 1, 1977, the exemption available to the homestead declarant was increased from $20,000 to $30,000. Cal.Civ. Code § 1260, Stats.1976, C.132, p. 211, § 1. The next statutory increase, to $40,000, was effective on January 1, 1979. Cal.Civ.Code § 1260, Stats.1978, C.993, p. 3067, § 1. Therefore, the amount available to the debtors herein is $30,000.

■ Thus, under California statutory and decisional law, the maximum amount to which the debtors are entitled through their homestead exemption is the sum of $30,000.

The OCC also claims that any amount set aside as a homestead to the debtors ought not to be turned over to them. The OCC claims that because the debtors have lived rent free in the house for the entire time of this proceeding, have made no payments on the notes secured by Deeds of Trust on the property, have not paid taxes, all of which has caused an increase in the secured obligations on the property, to the detriment of the unsecured creditors, the debtors are not entitled in equity to their exemption amounts, which should be retained by the estates controller for the benefit of the unsecured creditors.

This court has previously ordered that certain personal expenses of the debtors, relating to the moving expenses, gardening and pool maintenance, are to be paid by the debtors from any exemption to which they

---

1. The OCC had also objected to the debtors receiving any funds due to the proceeds passing to the controller of the estate rather than remaining in the debtors' hands. Since this court explicitly ordered the cash proceeds to be held and maintained by the controller, no voluntary transfer occurred and therefore, this objection is without merit.

may be entitled. The issue is what to do with the net funds remaining out of the $30,000 allowed as exempt.

These debtors have lived rent free, using property of the estate, for a period of almost 1½ years. While they have done so the equity in that property in existence, over and above any homestead exemption, as of the date of the filing, was drastically eroded by the increase in secured claims and taxes which required payments ahead of the general creditors. In all fairness, the net amount of the exempt funds ought to probably be turned over to the general creditors. However, I have been cited to no cases authorizing such an order. Therefore, I reluctantly find that the net funds being held by the controller ought to be released to the debtors.

Pursuant to FRCP 52 and Bankruptcy Rule 752, this memorandum shall constitute the Findings of Fact and Conclusions of Law herein.

Counsel for the OCC shall prepare and lodge a judgment in conformity herewith.