**In re Raymond HALUB, Debtor.**

**David A. GILL, Chapter 7 Trustee, Plaintiff,**

v.

**Raymond HALUB, and Donna M. Halub, Defendants.**

**Bankruptcy No. 80–01205–JD.**
**Adv. No. 80–4008–JD.**

United States Bankruptcy Court, C.D. California.

Dec. 16, 1982.

David A. Gill, Sherman Oaks, Cal., Trustee.

Nicholas G. Demma, Westlake Village, Cal., for defendant Raymond Halub.

James A. Reynard, Westlake Village, Cal., for defendant Donna M. Halub.

## MEMORANDUM OF DECISION

JAMES R. DOOLEY, Bankruptcy Judge.

The trustee has in his possession the sum of approximately $30,000.00 which was derived from the refinancing and subsequent sale of certain real property located at 1050 Calle Ruiz, Thousand Oaks, California (hereinafter "Calle Ruiz property"). The present case requires a determination of the manner in which said sum should be divided among the debtor, the debtor's former wife, and the trustee; and in order to make that determination the following basic issues must be resolved:

1. What effect, if any, should be given to the property settlement agreement which was entered into subsequent to bankruptcy in a state court dissolution proceeding and which fixed the community property interest of the debtor and his former wife in the Calle Ruiz property?

2. To what extent, if any, may the debtor and/or his former wife claim a homestead exemption in the monies now in possession of the trustee?

## FACTS

The debtor, Raymond Halub (hereinafter referred to as "Raymond" or "debtor"), and his former wife, Donna M. Halub, now Donna Huard (hereinafter referred to as "Donna"), were married on February 14, 1975. Throughout their marriage, and thereafter, record title to the Calle Ruiz property was in the name of Donna alone. Donna had previously been married to one Oscar F. Amparan; and on August 3, 1973, during that previous marriage, Donna recorded a Declaration Of Homestead on the Calle Ruiz property.

On August 1, 1979 Raymond and Donna separated. Raymond moved out of the Calle Ruiz property; however, Donna and her sons continued to live there. On August 24, 1979 Raymond filed in the Ventura County Superior Court a petition for dissolution of marriage, case number D103757. On March 31, 1980 a property settlement agreement was filed in the aforementioned dissolution proceeding which provided, *inter alia,* in paragraph 8 that Donna would be awarded the Calle Ruiz property to the extent of the community property interest, $30,000.00. Said agreement further provided, *inter alia,* in paragraph 16, that Donna would execute a promissory note in favor of Raymond for $15,000.00, which would be secured by the Calle Ruiz property and would represent Raymond's community interest in the Calle Ruiz property. The property settlement agreement was incorporated into the Interlocutory Judgment of Dissolution Of Marriage which was filed on April 30, 1980.

Meanwhile, on February 14, 1980 Raymond filed a petition under Chapter 7 of the Bankruptcy Code. In his Schedule A-3 Raymond listed debts totaling $15,887.50; and from Schedule A-3 and the testimony adduced at trial it appears that all of these debts were community debts. The debtor did not claim any interest in the Calle Ruiz property in his schedules because he did not realize at that time that he had a community property interest in the Calle Ruiz property. Indeed, in Schedule A-2 the debtor referred to the Calle Ruiz property as his estranged wife's "separate property". On April 10, 1980, however, after the aforementioned property settlement agreement had been executed, the debtor recorded a

Declaration of Homestead claiming a community interest in the Calle Ruiz property and claiming a homestead in the proceeds from that property.

During October 1980 Donna obtained a loan against the Calle Ruiz property for $62,500.00 and used the proceeds of that loan to purchase another piece of property which at the time of trial she used as her home. Donna moved out of the Calle Ruiz property during December, 1980. Around April or May of 1981 Donna refinanced the Calle Ruiz property with the consent of the trustee and from this refinancing obtained $25,618.65 which she turned over to the trustee. Shortly thereafter, Donna sold the Calle Ruiz property with the consent of the trustee and from the proceeds of that sale turned $11,300.59 over to the trustee. By order filed on June 3, 1982 this court ordered a partial distribution of $6,919.00 to Donna.

## EFFECT OF PROPERTY SETTLEMENT AGREEMENT

The property settlement agreement which was filed in the debtor's dissolution proceeding on March 31, 1980 and thereafter incorporated in the Interlocutory Judgment of Dissolution Of Marriage, provided for a community property interest of $30,-000.00 in the Calle Ruiz property, the debtor's share being $15,000.00. At trial, this court declined to receive evidence for the purpose of making an independent determination of the community property interest of Raymond and Donna in the Calle Ruiz property, although Donna's counsel urged this court to do so.

■ When Raymond filed his bankruptcy petition on February 14, 1980 the community property of Raymond and Donna, including their community property interest in the Calle Ruiz property, passed to the bankruptcy estate. 11 U.S.C. § 541(a)(2); *In Re Willard,* 15 B.R. 898, 900 (Bkrtcy.App. 9th Cir.1981); 4 Collier on Bankruptcy, 15th Ed. ¶ 541.15[2]. However, this court elects to

abstain from making an independent determination of the community property interest of Raymond and Donna in the Calle Ruiz property, even though it has jurisdiction to do so. 28 U.S.C. § 1471(d). Rather, this court elects to follow the determination made by the Ventura County Superior Court in the debtor's dissolution proceeding based on the property settlement agreement of the parties.

■ Divorce and domestic relations are areas which have traditionally been left to the states (*In Re Heslar,* 16 B.R. 329, 330, 332 (Bkrtcy.W.D.Mich.1981)); and there appears to be no good reason to depart from that tradition in this case. The filing of the bankruptcy petition did not deprive the Ventura County Superior Court of jurisdiction over the debtor's dissolution proceeding. Cf. *In Re Washington,* 623 F.2d 1169 (6th Cir.1980). And the Interlocutory Judgment of Dissolution Of Marriage, which was filed in the Ventura County Superior Court on April 30, 1980, was not void as being in violation of the automatic stay. *In Re Willard, supra,* at page 900.

## EXTENT OF HOMESTEAD EXEMPTION, IF ANY

■ This court is of the view that both Raymond and Donna had a valid homestead in the Calle Ruiz property on February 14, 1980 when Raymond filed his bankruptcy petition, even though the Declaration of Homestead recorded by Donna on August 3, 1973, during a previous marriage, was the only Declaration of Homestead recorded up to that time.[1] Under California law homestead rights continue until abandoned; and the dissolution of Donna's previous marriage and her remarriage to Raymond did not terminate these rights. Cf. *Bonner v. Superior Court* (1976), 63 Cal.App.3d 156, 133 Cal.Rptr. 592. The homestead exemption extends to the entire interest of both spouses in the property. *In Re Skipwith,* 9 B.R. 730, 733 (Bkrtcy.S.D.Cal.1981); *Matter*

---

1. The recordation by the debtor of a Declaration of Homestead on April 10, 1980, after the filing of his bankruptcy petition, was a nullity.

*In Re Myers,* 17 B.R. 410, 411 (Bkrtcy.E.D.Cal. 1982).

*of Brosius,* 7 B.R. 811, 812 (Bkrtcy.C.D.Cal. 1980). Since the homestead rights in the Calle Ruiz property had not been terminated on February 24, 1980, the homestead exemption should extend to the entire interest of both Raymond and Donna in the Calle Ruiz property.

The next question to be resolved is the applicable amount of the homestead exemption. The head of the family household exemption in California increased from $20,000.00 to $30,000.00 effective January 1, 1977, from $30,000.00 to $40,000.00 effective January 1, 1979, and from $40,000.00 to $45,000.00 effective January 1, 1981. However, California law requires that a bankrupt be allowed the homestead exemption in effect at the time debts arise rather than the homestead exemption in effect at the time of filing. *In Re Bassin,* 637 F.2d 668 (9th Cir.1980); *England v. Sanderson,* 236 F.2d 641 (9th Cir.1956); *In Re McDaniel,* 13 B.R. 628, 630 (Bkrtcy.S.D.Cal.1981); *In Re Murillo,* 4 B.R. 612 (Bkrtcy.C.D.Cal.1980).

The trustee contends that only a $20,000.00 homestead exemption should be allowed, because one or more debts were incurred prior to January 1, 1977, during a period of time when the maximum allowable exemption was $20,000.00. However, while the evidence at trial left uncertainty as to when some of the scheduled debts were incurred, the court finds that only one debt to Bonded Adjustment Bureau for $1,034.15 was clearly incurred prior to January 1, 1977.[2] Since only one debt for $1,034.15 preceded the homestead exemption increase to $30,000.00, the court will allow the homestead exemption of $30,-000.00 minus only this one debt. In doing so the court follows the reasoning of the courts in *In Re Swenor,* 452 F.Supp. 673 (N.D.Cal.1977); *In Re Murillo, supra;* and *In Re Pappas,* 2 B.R. 138 (Bkrtcy.C.D.Cal. 1980).[3] The court will therefore allow a homestead exemption of $28,965.85.

There remains the question of how the homestead exemption of $28,965.85 is to be allocated as between the community property interest of Raymond and Donna in the Calle Ruiz property and the separate property interest of Donna in that property. In *Russell v. Laugharn,* 20 F.2d 95 (9th Cir. 1927), it was held that where there are community and separate interests in the same property, the homestead exemption must be ratably apportioned between the community and the separate interests. That decision will be followed in this case.

For the purpose of apportioning the community and separate interests in the Calle Ruiz property the court finds that on February 14, 1980, when Raymond's Chapter 7 Petition was filed, the fair market value of the Calle Ruiz property was $140,-000.00, the total encumbrances against that property were $76,000.00, and Raymond and Donna had an equity in the Calle Ruiz property of $64,000.00.[4] The community property interest of Raymond and Donna in the Calle Ruiz property, $30,000.00, was thus $30/64$ or 46.875% of the total equity in that property. The community interest of Raymond and Donna is therefore entitled to homestead protection of 46.875% of $28,-965.85 or $13,577.74. Thus, out of the community property funds of $30,000.00 the trustee should retain for administration

---

2. Most of the debts appear to have been incurred during the period from January 1, 1977 to January 1, 1979, when the $30,000.00 homestead exemption was in effect. Only one debt to Westlake Community Hospital for $215.25 was clearly incurred after January 1, 1979. Where the schedules show balances on charge accounts extending over a period of time, the court assumes that the balances are attributable to later rather than earlier purchases.

3. While there is a difference in the reasoning of the courts in the *Murillo* and *Pappas* cases, that difference will not affect the result in this case.

4. This finding is based on the testimony of Donna. In his Schedule A–2 Raymond showed the value of the Calle Ruiz property as $150,-000.00. The trustee also contends that as of February 14, 1980 the Calle Ruiz property had a fair market value of $150,000.00 and further contends that total encumbrances against the property were only $54,000.00 arguing that a third trust deed for $23,000.00 which Donna alone executed in January, 1980, should not be considered.

$16,422.26, or $30,000.00 minus $13,577.74.[5] The remainder of the community property funds should be divided equally between Raymond and Donna. Also, if any community property funds remain after the estate has been fully administered, they too should be divided equally between Raymond and Donna. Of course, if the trustee still has in his possession any funds which are the separate property of Donna, or any accrued interest on separate funds, they should be returned to her.

This Memorandum of Decision contains findings of fact and conclusions of law as required by Bankruptcy Rule 752. Counsel for the trustee is directed to prepare, serve, and lodge an appropriate judgment, consistent with this Memorandum of Decision.

---

**5.** This computation does not take into consideration any interest that the trustee may have earned on community funds in his possession. The exact amount to be retained by the trustee and to be distributed to Raymond and Donna will have to be modified when accrued interest is added.