**RESOLUTION TRUST CORPORATION,**
Appellant,

v.

**C AND R, L.C., Appellee.**

**Civ. A. No. 93–0912–R.**

United States District Court,
W.D. Virginia,
Roanoke Division.

Jan. 25, 1994.

Cole B. Wilson, Mays & Valentine, Richmond, VA, for appellant.

Hampton W. Thomas, Hampton W. Thomas, P.C., Roanoke, VA, for appellee.

Julie G. Hodgin, Roanoke, VA, U.S. Trustee, pro se.

## MEMORANDUM OPINION

TURK, District Judge.

Resolution Trust Corporation ("RTC"), as receiver for Florida Federal Savings Bank, F.S.B., files this appeal of the Bankruptcy Court's Order denying RTC's motion to dismiss this Chapter 11 case for bad faith filing. The court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a). After careful consideration of the briefs and oral argument of the parties, the Court concludes that appellee's Chapter 11 petition was filed in bad faith and therefore must be dismissed.

### I.

This Chapter 11 case was commenced on January 26, 1993 by voluntary petition filed by C and R, L.C. ("the Debtor"). C and R is a Virginia Limited Liability Company formed on January 6, 1993—twenty days prior to filing for bankruptcy. The Debtor listed two assets, property in Lexington, Virginia and property in Florida known as Rookery Walk. This property was transferred to the Debtor on the day it filed its Chapter 11 petition. The Debtor has no cash, no accounts, no books and no employees.

Rookery Walk, formerly known as Terra Ceia Isles, is real property located in Florida. The RTC holds a Note for approximately 9 million dollars secured by this property. No payments have ever been made toward this Note. The Note was made by Terra Ceia Isles, Inc., which subsequently changed its name to Rookery Walk, Inc. In 1991, RTC commenced judicial foreclosure proceedings under the laws of Florida in the United States District Court for the Middle District of Florida. The Florida Federal Court granted summary judgment on RTC's complaint to foreclose on the Mortgage and the Note and, on October 31, 1991, entered its final order, permitting RTC to foreclose on the Florida Property. The Florida Federal Court also entered an Order on June 28, 1991, appointing a receiver for the property and enjoining Rookery Walk and Leanne Realty from "continuing with or interfering with the management or development of the [property] by the Receiver until further order of this Court." After several extensions, the RTC set January 28, 1993 as the date of the foreclosure sale.

In addition to the first mortgage on the property, the collateral for the Note included a "Stock Pledge Agreement" executed by all shareholders of Terra Ceia Isle, Inc., whereby the stockholders agreed:

> not to vote the Stock or otherwise act or omit to act, or permit others to act, in a manner that would cause or permit the Company: (i) to be merged with, or consolidated with, another corporation or be dissolved or liquidated; [or] (ii) to sell, encumber or dispose of its assets, except in the ordinary course of business....

The stockholders violated this agreement and the Florida Federal Court order sometime between November 16, 1992 and January 26, 1993, when they caused title to the property to be transferred to Leanne Realty, Inc. On January 26, 1993, Leanne Realty quitclaimed the Florida property to the Debtor. On the same day, the Debtor filed this Chapter 11 petition.

RTC filed a motion to dismiss the Chapter 11 petition pursuant to 11 U.S.C. § 1112, on the grounds that it was filed in bad faith. The Bankruptcy Court held hearings on this motion on July 19, 1993, September 1, 1993, and November 1, 1993. On November 2,

1993 the Bankruptcy Court entered an Order denying RTC's motion to dismiss. The Bankruptcy Court made no specific findings of fact or conclusions of law, but relied on the general principle that dismissal should be the "exception and not the rule." The RTC has taken this appeal of the Order.

## II.

■ In appeals from the Bankruptcy Court, the District Court makes independent determinations of legal issues, but it must accept findings of fact of the bankruptcy judge unless those findings are clearly erroneous. *Lowe's of Virginia, Inc. v. Thomas,* 60 B.R. 418, 419 (W.D.Va.1986). A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *In re Green,* 934 F.2d 568, 570 (4th Cir.1991).

■ The Fourth Circuit's standard for dismissal for bad faith filing of a Chapter 11 petition is clearly stated in *Carolin Corp. v. Miller,* 886 F.2d 693 (4th Cir.1989). *Carolin* allows dismissal under 11 U.S.C. § 1112(b) for cause if a court finds objective futility and subjective bad faith in commencing a Chapter 11 case. *Id.* at 699–701. The objective futility inquiry is designed to insure that there is embodied in the petition some relation to the statutory objective of resuscitating a financially troubled debtor. The subjective bad faith inquiry, on the other hand, is designed to insure that the petitioner actually intends to use the provisions of Chapter 11 to reorganize or rehabilitate an existing enterprise, or to preserve going concern values of a viable or existing business. *Id.* at 701–2.

■ After consideration of all the evidence, the Court is left with a definite and firm conviction that C & R's petition was objectively futile. The Debtor's only assets are the Florida and Virginia properties. The conveyance of the Florida Property was contrary to both the stock pledge agreement and an Order of a federal district court, and was a fraudulent conveyance under Florida law.[1] Since the Florida Property probably cannot be part of the Debtor's estate, the estate is without the assets to reorganize. Even if the Florida Property were part of the Debtor's estate, the court finds the value of the property is far exceeded by existing liens, such that the Debtor could not possibly rehabilitate its business.[2] Therefore, the court believes that there is "no going concern to preserve ... and ... no hope of rehabilitation, except according to the debtor's 'terminal euphoria.'" *Id.* quoting *In re Little Creek Development Co.,* 779 F.2d 1068, 1073 (5th Cir.1986).

The Court is also left with a definite and firm conviction that C & R's petition was filed in subjective bad faith. The unlawful conveyance of the Florida property to the newly created Virginia entity, which immediately filed a Chapter 11 petition is strong evidence that C & R's sole purpose was to avoid the collection efforts of the RTC. It is indicative of the "new debtor syndrome," whereby a new entity is created on the eve of foreclosure for the sole purpose of isolating investors from the insolvent property and its creditors. *See Carolin* 886 F.2d at 704. The case of *In re Thirtieth Place, Inc.,* 30 B.R. 503 (B.App. 9th Cir.1983), cited extensively by the Fourth Circuit in *Carolin,* dismissed a Chapter 11 filing where the property was quitclaimed to a newly formed entity on eve of foreclosure. As in *Thirtieth Place,* C & R's acquisition of the property added no capital, management expertise, history of business conduct, employees or even current business activity. The Debtor's real motivation was to "delay creditors by resort to the Chapter 11 device merely for the purpose of invoking the automatic stay, without an intent or ability to reorganize [its] financial

---

1. *See* Fla.Stat.Ann. § 726.106(1) (Since Rookery Walk was insolvent (not paying its debts as they became due) at the time of the transfer, and received nothing in exchange for the transfer of the property, the transfer is fraudulent and therefore not property of the Debtor's estate).

2. The RTC and Debtor rely on differing appraisals of the Florida property. The Court is persuaded that the Debtor's high appraisal is unrealistic because it assumes a set of improbable permitting and economic circumstances.

activities." *Carolin*, 886 F.2d at 702, quoting *Thirtieth Place*, 30 B.R. 503, 505.

Due to the objective futility and subjective bad faith in the Debtor's Chapter 11 petition, the Court believes this petition must be dismissed for lack of good faith filing.