**In re John J. POIRIER, Debtor.**

**Bankruptcy No. 97–22580.**

United States Bankruptcy Court,
D. Connecticut.

Nov. 6, 1997.

James F. Longwell, and Audrey B. Blondin, Law Offices of Audrey B. Blondin, Torrington, CT, for Debtor.

Molly T. Whiton, The Witherspoon Law Offices, Farmington, CT, for LaSalle National Bank, Trustee.

*RULING ON DEBTOR'S "MOTION TO DETERMINE SECURED STATUS OF LIENS UNDER BANKRUPTCY CODE SECTION 506(a) and (d) IN CHAPTER 7"*

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

### I.

John J. Poirier, a Chapter 7 debtor ("the Debtor"), moved on August 5, 1997 to have the court "avoid" the second mortgage lien of LaSalle National Bank, Trustee ("the Bank), "to the extent" the mortgage "exceeds the fair market value of the Debtor's residence." *Motion* at 4. The Debtor's motion relies on 11 U.S.C. § 506(a) and (d). The Bank opposes the motion, and both parties have submitted the matter on briefs.

### II.

The Debtor filed his petition on June 12, 1997 and received a discharge on October 7, 1997. The Chapter 7 trustee, on July 28, 1997, filed a Report Of No Distribution in this no-asset case. For the purpose of this ruling only, the Bank concedes the correctness of the following facts asserted by the Debtor: the residence has a value of $65,000; the residence is encumbered by a first mortgage with a balance of $58,749.02 and by the Bank's second mortgage with a balance of $20,211.13. The Debtor seeks to bifurcate the second mortgage into a secured portion of $6,250.98, an unsecured portion of $13,-960.15 and to avoid the unsecured portion pursuant to § 506(d).

Sections 506(a) and (d) provide:

(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the

purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void unless—

(1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or

(2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

### III.

 The Debtor acknowledges the Supreme Court's decision in *Dewsnup v. Timm*, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), but seeks to distinguish that ruling from the present circumstances. The question presented in *Dewsnup*, as framed by the Court, was: "May a debtor [utilizing § 506(a) and (d)] strip down' a creditor's lien on real property to the value of the collateral, as judicially determined, when that value is less than the amount of the claim secured by the lien?" 502 U.S. at 411–12, 112 S.Ct. at 775, 116 L.Ed.2d at 907–08. The Court answered that question "No," reaffirming ."the pre-Code rule [in non-reorganization cases] that liens pass through bankruptcy unaffected." 502 U.S. at 417, 112 S.Ct. at 778, 116 L.Ed.2d at 911.

The Debtor argues that *Dewsnup* differs from the present matter in that here, the Bank holds a *second* mortgage, while in *Dewsnup*, the debtor apparently sought to strip down a *first* mortgage. There is absolutely nothing in the *Dewsnup* ruling to support the Debtor's theory, and the Debtor cites no decisional authority that supports his contention that second mortgages are outside the *Dewsnup* holding. On the contrary, courts have rejected similar arguments. See *In re Willis,* 157 B.R. 617, 621 (Bankr. N.D.Ohio 1993) (holding that under *Dewsnup,* the debtor could not avoid a fully allowed second mortgage under § 506(d), even though little or no equity remained in the

property for the second mortgagee); *Wise v. Diamond Savings & Loan Co. (In re Wise),* 151 B.R. 116, 120–21 (Bankr.N.D.Ohio 1992) (applying *Dewsnup* and concluding that, although the first mortgage balance exceeded the value of the collateral real estate, the debtor could not use § 506(d) to avoid a second mortgage on the property) *See also In re Madjerac,* 157 B.R. 499 (Bankr. D.Maine 1993) (ruling that *Dewsnup* bars a debtor from stripping down an attachment lien where the first mortgage on the real estate far exceeded the property's value).

The *Dewsnup* Court emphasized that, in Chapter 7, " 'a bankruptcy discharge extinguishes only one mode of enforcing a claim— namely, an action against the debtor in personam—while leaving intact another—namely, an action against the debtor in rem.' " 503 U.S. at 418, 112 S.Ct. at 1402 (*quoting Johnson v. Home State Bank,* 501 U.S. 78, 84, 111 S.Ct. 2150, 2154, 115 L.Ed.2d 66 (1991)). Section 506 cannot be used in Chapter 7 to avoid liens on real property, regardless of the lack or insufficiency of equity for such liens. 502 U.S. at 417, 112 S.Ct. at 778, 116 L.Ed.2d at 911.

### IV.

 The Debtor has provided no credible argument why *Dewsnup* does not control a ruling in this matter, and his motion must be denied. In addition, under the Federal Rules of Bankruptcy Procedure, lien avoidance cannot be accomplished through motion practice. An adversary proceeding is required, other than a proceeding under § 522(f). *See* Fed.R.Civ.P. 7001(2). It is

SO ORDERED.