Reginald L. KEENE, Sr. and Karen L. Keene, Debtors/Appellants,

v.

Dave CHARLES, Creditor/Appellee.

No. 4:98CV16.
Bankruptcy No. 91–42512.

United States District Court,
E.D. Virginia,
Newport News Division.

July 14, 1998.

Richard Gordon Poinsett, Hampton, VA, for Debtors/Appellants.

Sheryl Lee Brindle, Alexander P. Smith and Associates, P.C., Norfolk, VA, for Creditor/Appellee.

### ORDER AND OPINION

DOUMAR, District Judge.

This case comes before this Court as an appeal from a ruling in the United States Bankruptcy Court for the Eastern District of Virginia. The Bankruptcy Court denied the Keenes' motion to enforce the confirmation and discharge orders and for a court order releasing the void lien of creditor Charles on December 3, 1997. The Keenes noted an appeal of the denial of their motion on December 29, 1997. For the following reasons, the decision of the Bankruptcy Court is affirmed.

I. Factual and Procedural Background

The issue in this appeal is whether the information provided in the Chapter 13 plan was an appropriate mechanism for releasing the lien. In the plan, the Keenes treated Charles as an unsecured creditor and voided the lien, pursuant to 11 U.S.C. § 506(a) and (d). Section 506(a) sets out that a claim is secured to the extent that it is supported by "value", and unsecured otherwise. 11 U.S.C. § 506(a). Paragraph B–11 of the plan stated:

The Deed of Trust in favor of Dave Charles on the Debtor's residence is not supported by the real estate's value. Because of this, the claim of Dave Charles is allowed only as unsecured since the real estate is worth $70,700.00. The order confirming this Plan shall be deemed to avoid the lien and shall be a judicial determination of the property's value. In order to conform the land records, Dave Charles shall release the Deed of Trust upon confirmation of this Plan.

Charles received a copy of the plan but did not object to the value of the property in the plan or the treatment afforded to him in the plan. In addition, the Bankruptcy Court did not take evidence as to the specific issue of the value of the lien at the confirmation hearing, and no valuation hearing nor adversary proceeding was initiated by the debtor to avoid the lien. The plan was confirmed by an order of the Bankruptcy Court entered on March 5, 1992. The debtors performed their payments and other obligations under the plan, and an order discharging the debtors after completion of the Chapter 13 plan was entered by the Bankruptcy Court on February 8, 1995. Charles refused to release the lien based on his belief that the plan's provisions did not operate to cause the ineffectuation of the lien.

### II. Analysis

Federal Rule of Bankruptcy Procedure 8013 allows the district court to "affirm, modify or reverse" a bankruptcy court order. Findings of fact are not to be set aside unless clearly erroneous; legal questions are reviewed de novo. In re Johnson, 960 F.2d 396, 399 (4th Cir.1992).

■ The Bankruptcy Court ruled that in order to avoid the lien, the debtors needed to file a lien avoidance action as an adversary or

in the alternative file a motion for valuation of the real estate under Section 506. The Keenes argue on appeal that the plan's provisions were sufficient to invalidate the lien. After reviewing the Bankruptcy Court's decision, this Court agrees with that Court's conclusions.

■ Generally, in order to void a lien, an adversary proceeding is required so that an owner is not deprived of his property without due process of law. *See generally Advisory Committee Note to Fed. R. Bankr.P. 3012; Fed. R. Bankr.P. 7001.* The Keenes argue, however, that because no one raised any issue as to the validity, extent, or priority of the lien, the adversary proceeding rules were not invoked. They contend that the lien avoidance was based only upon valuation and that valuation is determined as part of the plan process under 11 U.S.C. § 506. The Keenes cite *In re Janice Carol Reynolds,* Case No. 95–13283C–13G (Bankr.M.D.N.C. 1997) in support of their contention. In *Reynolds,* the court ruled that the plan's provisions were sufficient to strip the lien in question because lien avoidance was based solely on the issue of whether the collateral was sufficient to support the lien; in other words, the value of the real property at issue. *Id.* In reaching its decision, the *Reynolds* court distinguished the Fourth Circuit case *Cen–Pen Corp. v. Hanson,* 58 F.3d 89 (4th Cir.1995), which held that an adversary proceeding was necessary to extinguish a lien where the validity of the lien was at issue.

Here, however, the Bankruptcy Court ruled that the due process requirements articulated in *Cen–Pen* were applicable, in that *Cen–Pen* was not limited to issues other than valuation. This Court agrees.

■ In *Cen–Pen,* the Fourth Circuit stated that it is well-established that liens pass through bankruptcy unaffected and that "[f]or a debtor to extinguish or modify a lien during the bankruptcy process, some affirmative step must be taken toward that end." *Id.* at 92. If the appropriate affirmative action is not taken, the property will remain subject to the security interest following confirmation. *Id.* (citation omitted). This is based on the traditional rule that a bankruptcy discharges only *in personam* claims against the debtor while *in rem* claims against the debtor's property generally remain unaffected. *Id.* (citing *Johnson v. Home State Bank,* 501 U.S. 78, 84, 111 S.Ct. 2150, 2154, 115 L.Ed.2d 66 (1991)).

Based on these broad statements, it does not appear that the Fourth Circuit intends to distinguish lien avoidance based upon valuation versus lien avoidance for any other reason. In addition, the cases relied upon by the Fourth Circuit in *Cen–Pen* do not distinguish between valuation and other lien extinguishment issues when holding that an adversary proceeding is necessary to avoid a lien. *See, e.g., In re Honaker,* 4 B.R. 415 (Bankr.E.D.Mich.1980). It is true that Bankruptcy Rule 7001 does not by express language require that an adversary proceeding be held to determine the value of property that is subject to a lien. However, Bankruptcy Rule 7001 states as follows: "An adversary proceeding … is a proceeding … to determine the validity, priority, or extent of a lien *or other interest in property* …." Fed. R. Bankr.P. 7001 (emphasis added). This Court agrees with the Bankruptcy Court that the Fourth Circuit would conclude that valuation is encompassed by Bankruptcy Rule 7001.

Furthermore, in order to meet the requirements for due process, notice must be given that is " 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *In re Linkous,* 990 F.2d 160, 162 (4th Cir.1993) (quoting *Mullane v. Central Hanover Bank & Trust,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)). In *Linkous,* the Fourth Circuit held that the notice of a plan confirmation hearing that was provided to the creditor was inadequate to satisfy creditor's due process rights. *Linkous,* 990 F.2d at 163. It is true that the notice provided to Charles in this matter was more extensive than the notice provided to the creditor in *Linkous.* Charles was appraised of: (1) the value of the real estate ($70,700.00); (2) the status of his claim (unsecured); (3) that the confirmation order would be deemed to avoid the lien and also would act as a judicial determination of the proper-

ty's value; (4) that Charles would be required to release the Deed of Trust upon confirmation of the plan; and (5) that Charles must file any objections to the plan within 45 days of the date on which the plan was filed. In contrast, the creditor in *Linkous* received a less detailed summary of the plan that did not include one of the creditor's loans nor the fact that the creditors two secured loans would be treated as only partially secured. *Id.* at 161.

 Although the notice in this case is more detailed, it still does not rise to the level that is necessary to extinguish the lien. The procedural framework for valuing collateral as part of a section 506(a) determination is contained in Bankruptcy Rule 3012:

> The court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a *hearing* on notice to the holder of the secured claim and any other entity as the court may direct.

Fed. R. Bankr.P. 3012 (emphasis added). Although a section 506(a) valuation hearing may be held in conjunction with a confirmation hearing, " '[m]ere notice that the bankruptcy court will hold a confirmation hearing on a proposed bankruptcy plan, without inclusion of notice specifically directed at the security valuation process, does not satisfy the requirement of Rule 3012.' " *Linkous,* 990 F.2d at 162 (quoting *In re Calvert,* 907 F.2d 1069, 1072 (11th Cir.1990)) (alteration in original). If a Chapter 13 plan contemplates valuing a secured creditor's collateral, the secured creditor must be provided with notice that a valuation hearing will be held in addition to the notice of the confirmation hearing. *In re Rodnok,* 197 B.R. 232, 235 (Bankr.E.D.Va.1996).

In the present case, the notice to Charles does make reference to the fact that Charles' claim was being reclassified as an unsecured claim instead of a secured claim. However, the notice does not specifically state that the value attributed to the property in the plan would be evaluated at the confirmation hearing. This Court has previously held that even where a Chapter 13 plan put a creditor on notice that the debtor sought valuation of

the creditor's collateral and determination that the creditor's claim was wholly unsecured, the notice did not comport with due process because it failed to inform the creditor that a Section 506(a) valuation would be held. *Wright v. Commercial Credit Corp.,* 178 B.R. 703, 705–706 (E.D.Va.1995); *see also Linkous,* 990 F.2d at 163 ("the bankruptcy court should hold a § 506 hearing in order properly to determine what portions of [the creditor's] loans should be considered secured and what portions unsecured"). Therefore, the notice provided in this case in insufficient to avoid the lien at issue.

Accordingly, the judgment of the Bankruptcy Court is hereby AFFIRMED. The Clerk of the Court is REQUESTED to mail a copy of this order to all counsel of record.

IT IS SO ORDERED.