**Richard R. HAMLETT, Appellant,**

v.

**OCWEN FEDERAL BANK, FSB, Appellee.**

No. 01–CV–632.

United States District Court, W.D. Virginia, at Roanoke.

March 11, 2002.

---

Gary Michael Bowman, Roanoke, VA, for Richard Hamlett.

Ross Cameron Hart, Hart & Hart, Ltd., Roanoke, VA, for Ocwen Federal Bank, FSB.

Evelyn K. Krippendorf, Roanoke, VA, trustee.

### *MEMORANDUM OPINION*

TURK, District Judge.

This is a bankruptcy appeal from an order of U.S. Bankruptcy Judge Ross W. Krumm granting Ocwen Federal Bank's ("Ocwen") motion to dismiss. The Bankruptcy Court found that Appellant–Debtor Hamlett failed to state a cause of action for voiding the Ocwen liens on five parcels of property. The parties have fully briefed the issues raised on this appeal. The Court heard arguments from the parties on February 26, 2002. This matter is, therefore, ripe for decision. For the reasons stated below, the bankruptcy court's order will be affirmed.

## I.

In early 1998, Appellant–Debtor transferred all his stock in Centurion Investment Corporation ("Centurion"), a corporation wholly owned by Hamlett, to Jane Parker. After Parker acquired the stock, Centurion conveyed five parcels of real property ("the Dalewood Properties") to Parker. Parker granted deeds of trust on each of the properties to Norwest Bank, Ocwen's successor. Ocwen subsequently became the owner of the beneficial interest in those deeds of trust. Apparently the loans made to Parker on the deeds of trust on the Dalewood Properties refinanced and paid off loans payable to the Appellant–Debtor. The Appellant–Debtor filed a Chapter 7 bankruptcy proceeding in July 1998. Upon this filing, the Chapter 7 trustee filed an adversary proceeding against the Appellant–Debtor alleging that Centurion was the alter ego of Hamlett, and that Centurion had fraudulently transferred stock to Jane Parker. A settlement of the adversary proceedings was reached between the trustee and debtor in February 2000. The settlement provided that the transfer of the stock in Centurion was *void ab initio* under Virginia Code Section 55–80. The Bankruptcy Court's consent order does not mention either the Dalewood Properties or the Jane Parker deeds of trust thereon.

The Appellant–Debtor asked the Bankruptcy Court to void the liens held by Ocwen, basing relief on the language contained in the Bankruptcy Court's Order dated February 4, 2000 that resolved the adversary proceeding between the Trustee and the Appellant–Debtor and voiding the transfer of stock. The Bankruptcy Court rejected that argument. In an Order dated July 6, 2001, the Bankruptcy Court found that since the Order resolving the Adversary Proceeding filed by the Trustee "merely voids the conveyance by Hamlett of transfer of all of his stock in Centurion Investment Corporation to Parker, it has no impact on the assets which comprised the corporate entity at the time of the stock transfer."

Appellant–Debtor also filed suit in the Circuit Court for the City of Salem, requesting an injunction against Ocwen to prevent a trustee's foreclosure sale of the Dalewood Properties. The Court determined that the Appellant–Debtor did not have "clean hands" and was not entitled to entry of an injunction in equity. The Court said in a Final Order that "because of [Hamlett's] active participation in the fraud, he is estopped from denying that title to the land in question [the Dalewood properties] as set forth in the recorded instruments of the Clerk's Office of the Circuit Court for the City of Salem, Virginia."

## II.

■■■■ The district court reviews the bankruptcy court's conclusions of law de novo. *See Resolution Trust Corp. v. C & R, L.C.*, 165 B.R. 593, 595 (W.D.Va.1994); *In re McCauley*, 105 B.R. 315, 318 n. 1 (E.D.Va.1989). Factual determinations are reviewed on a clearly erroneous standard. Fed. R. Bankr.P. 8013. The district court is limited to considering only that evidence presented to the bankruptcy court and made a part of the record. *In re Bartlett*, 92 B.R. 142, 143 (E.D.N.C. 1988).

## III.

At issue is whether the Appellant–Debtor, who participated in fraud, can recover based on the language in the Bankruptcy Court's Consent Order of February 4, 2000, that provides, in relevant part:

2. Upon receipt by the Trustee of said $300,000.00, in guaranteed funds, the transfer of stock in Centurion In-

vestment Corporation...shall be void ab initio under Virginia Code Section 55–80...

The Consent Order is the sole support offered by the Appellant–Debtor for his cause of action seeking to avoid the liens on the Dalewood Properties. The Appellant–Debtor argues that because the stock transfer from Centurion to Parker was *void ab initio*, all subsequent transactions relating to the Dalewood Properties which were not contemporaneous with the original fraudulent conveyance were also rendered void. The Bankruptcy Court in it's July 6, 2001 Order stated that:

> Since the order of February 4, 2000 merely voids the conveyance by Hamlett of transfer of all his stock in Centurion Investment Corporation to Parker, it has no impact on the assets which comprised the corporate entity at the time of the stock transfer. The motion to dismiss of Ocwen is well taken.

The Bankruptcy Court, finding that the stock conveyance had no impact on the Dalewood Properties, granted Ocwen's motion to dismiss.

## A. Ocwen Was Not a Party to the Adversary Proceeding

■ Generally, in order to void a lien, an adversary proceeding is required so that an owner is not deprived of his property without due process of law. *See generally* Advisory Committee Note to Fed. R. Bankr.P. 3012; Fed.R. Bankr.P. 7001. It is well established that liens pass through bankruptcy unaffected and that "for a debtor to extinguish or modify a lien during the bankruptcy process, some affirmative step must be taken toward that end." *Keene v. Charles*, 222 B.R. 511, 514 (E.D.Va.1998) quoting *Cen–Pen Corp. v. Hanson*, 58 F.3d 89, 92 (4th Cir.1995). Bankruptcy Rule 7001 states that "An adversary proceeding...is a proceeding...to determine the validity, priority, or extent of a lien or other interest in property..." Fed. R. Bankr.P. 7001.

■ In order to meet the requirements for due process, notice must be given that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *In re Linkous*, 990 F.2d 160, 162 (4th Cir.1993) (quoting *Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)).

■ The consent order does not mention either the Dalewood Properties or the Jane Parker deeds of trust thereon. Ms. Evelyn K. Krippendorf, the Chapter 7 Trustee in the bankruptcy case of Richard Hamlett, filed the adversary proceeding as part of her duties as Trustee. She sought to recover property allegedly transferred by Mr. Hamlett to Jane Parker without adequate consideration within the five years preceding the filing of his bankruptcy petition. *See* Affidavit of Ms. Krippendorf, ¶ 3. She did not name any lenders or trustees under deeds of trust in the adversary proceeding because she considered the commercial lenders to be good faith transferees for value and was not seeking to have their liens voided. *See id.* at ¶ 8. The adversary proceeding was between the Chapter 7 Trustee and Hamlett, and Hamlett took no action against Ocwen to have the deeds of trust declared void.

## B. The Appellant–Debtor is Equitably Estopped from Profiting from the Liens

■ Bankruptcy is an equitable proceeding and the rules of equity are to be applied. *See Beneficial Finance Co. v. Lazrovitch*, 47 B.R. 358, 363 (E.D.Va.1983). The general rule of equitable estoppel is

> that when one person, by his statements, conduct, action, behavior, concealment

or even silence, has induced another who has a right to rely upon those statements, or the like, and who does rely upon them in good faith to believe in the existence of the state of facts with which are compatible and act upon belief, the former will not be allowed to assert, as against the latter, the existence of a different state of facts from that indicated by his statements or conduct, if the later had so far changed his position that he would be injured thereby. 7A M.J. *Estoppel in Pais* § 14 (1998) citing *American Security Trust Co. v. Fletcher*, 490 F.2d 481 (4th Cir.1974), *Cowles v. Ohio Farmers Insurance Co.*, 242 F.2d 73 (4th Cir.1957) citations omitted.

Equitable estoppel is grounded in the maxim that "no man may take advantage of his own wrong." *Beneficial Finance Co.*, 47 B.R. at 363.

The Appellant/Debtor asked the Bankruptcy Court to void the liens held by Ocwen. If the liens were voided, in effect, the Appellant–Debtor would be rewarded for his fraudulent conduct. In this case, the Appellant–Debtor and Jane Parker had the bank believe that Jane Parker had the authority to grant deeds of trust on each of the properties. The Appellant–Debtor is equitably estopped from denying that Jane Parker held title to the Centurion stock. Because Parker did hold title to the stock, Ocwens' liens are valid. As the maxim goes, Hamlett cannot take advantage of his own wrong.

In summary, the judgment and decision order of the bankruptcy court is hereby affirmed. An appropriate Order shall this day issue.