**In the Matter of Kerry Lynn McGRAW, Debtor.**

**Kerry Lynn McGRAW, Plaintiff,**

v.

**Jenifer A. McGRAW, Defendant.**

Bankruptcy No. 93–14514.
Adv. No. 94–1018.

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Dec. 23, 1994.

Harold Jarnicki, Lebanon, OH, for debtor/plaintiff.

Roger Gates, Hamilton, OH, for defendant.

## DECISION AND ORDER

J. VINCENT AUG, Jr., Bankruptcy Judge.

This adversary proceeding is before the Court on cross motions for summary judgment. The complaint of Debtor Kerry Lynn McGraw seeks a ruling that thirty-six and one-half percent (36½%) of his military pension, previously ordered paid to his ex-wife, Jenifer A. McGraw under a Judgment Entry and Decree of Divorce, constitutes a dischargeable debt under 11 U.S.C. § 523(a)(5) and (6). Defendant Jenifer McGraw seeks a ruling that Kerry McGraw's obligation to pay over a percentage of his pension benefits is unaffected by a discharge in bankruptcy or, in the alternative, that such an obligation is nondischargeable.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the General Order of Reference entered in this District on July 30, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (J).

## I. FINDINGS OF FACT

After eighteen years of marriage and two children, plaintiff/debtor Kerry L. McGraw and defendant Jenifer L. McGraw were divorced in 1993. During the first fourteen and one-half years of the marriage, Kerry McGraw served on active duty in the U.S. Navy. Mr. McGraw retired from active duty in the United States Navy in 1989 and, at the time of the divorce, was receiving a Navy pension of approximately $1100 per month.

In November of 1992, while the parties were separated, Mrs. McGraw filed a Chapter 7 bankruptcy petition and received a discharge.

On October 19, 1993, the Butler County Common Pleas Court, Domestic Relations Division, entered a Judgment Entry and Decree of Divorce. The Entry and Decree were signed by both Jenifer and Kerry McGraw, their respective counsel and the Court. The Decree stipulated the following with regard to Kerry McGraw's Navy pension:

> Plaintiff [Jenifer A. McGraw] shall receive as and for a division of property, thirty-six and one-half percent (36½%) of the total gross pension benefits that Defendant receives from his military pension.
>
> This Court specifically finds that Defendant is retired from the Navy after twenty (20) years of service. Defendant receives a military pension of approximately One Thousand One Hundred Dollars ($1,100.00) per month. The Court finds that out of Defendant's twenty (20) years in the military, the parties were married fourteen and one-half (14½) years. Therefore, Plaintiff is entitled to thirty-six and one-half (36½%) of the gross pension benefits received by the Defendant, including any increases for cost of living or on any other basis, subsequent to July 1, 1993.
>
> The Court further orders that Defendant shall pay to the Plaintiff thirty-six and one-half percent (36½%) of all benefits that he has received beginning July 1, 1993 and continuing until further order of the Court.
>
> .    .    .    .    .
>
> The Court specifically finds that the pension benefits are divided as a division of

property and therefore, there will be no order that the benefits are divided on the basis of a joint and survivorship division.

.    .    .    .    .

> Neither Plaintiff or Defendant shall be obligated to pay the other spousal support of any kind or nature.

The Domestic Relations Court further ordered that, if possible, arrangements should be made for Jenifer McGraw to receive her portion of the payments directly rather than from Mr. McGraw. Since June 1, 1994, Mrs. McGraw has been receiving her portion of the pension from the Navy.

Kerry McGraw filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on October 28, 1993, nine days after the Decree of Divorce was placed of record. He filed the instant complaint to determine dischargeability on January 26, 1994, not quite four months after the entry of the divorce decree.

## II. OPINION AND CONCLUSIONS OF LAW

Bankruptcy Rule 7056 provides that Federal Rule of Civil Procedure 56 applies to all bankruptcy cases. Rule 56 allows the Court to grant summary judgment when, after reviewing the facts in the light most favorable to the nonmoving party, we conclude that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.

In the case before us, there is no dispute as to any issue of material fact. We find under the applicable law that defendant Jenifer McGraw is entitled to judgment and that plaintiff Kerry McGraw's obligation to pay 36½% of his Navy pension to his ex-wife is not a dischargeable debt.

A. *Pension benefits earmarked for ex-wife under state court decree do not become property of the estate.*

■ The parties here are in fundamental disagreement as to the import of the divorce decree awarding 36½% of the pension to Jenifer McGraw. According to the Debtor, the decree merely ordered a property division,

giving rise to a debt that places Jenifer McGraw in the status of an unsecured creditor. The Debtor argues that in any action under § 523(a)(5), the analysis set forth in the Sixth Circuit case of *In re Calhoun,* 715 F.2d 1103 (6th Cir.1983), must be considered. First, according to the Debtor, the Court must look at the actual intent of the parties at the time of the divorce and/or the underlying purpose of the state court decree. Only if the parties intended to create a support obligation does the Court then need to determine whether the obligation has the effect of providing support and whether the obligation is reasonable in light of traditional concepts of support and the parties' relative financial positions and resources. Here, where it was clearly and unequivocally stated in the decree that the parties were not creating or intending to create a spousal support obligation, there would be no need to look beyond the language of the decree, and thus, the obligation, not being alimony or support, is dischargeable.

The Defendant, on the other hand, argues that because the property was divided through the decree, Mrs. McGraw's portion never become property of the Debtor's estate and thus the Debtor's obligation cannot be subject to discharge. We agree. When the Domestic Relations court awarded a portion of Mr. McGraw's pension to Mrs. McGraw, she became the equitable owner of 36½% of the pension fund and that percentage became her sole and separate property. *See, In re Wilson,* 158 B.R. 709, 711 (Bankr.S.D.Ohio 1993); *see also, In re Mace,* 82 B.R. 864, 867 (Bankr.S.D.Ohio 1987).

B. *Debtor is a constructive trustee of the pension benefits.*

▓▓▓▓ Jenifer McGraw further argues that the Domestic Relations Court order in effect made the Debtor constructive trustee of the pension benefits for his former wife's benefit. We agree that when a Debtor fails to turn over property divided under a domestic relations court order, that property may be subject to a constructive trust or equitable lien in favor of the spouse. *See, Bush v. Taylor,* 912 F.2d 989 (8th Cir.1990); *In re Corson,* Adv. No. 1–92–0036 (Bankr.S.D.Ohio,

Feb. 23, 1993) (Aug, J.). This position, we recognize, is one that has divided courts around the country in their attempts to stay true to legislative intent and the letter of the Code while giving due deference to state law policies and valid orders from other courts.

In the recent case of *In re Omegas Group, Inc.,* 16 F.3d 1443 (6th Cir.1994), the Sixth Circuit ruled that in general, a bankruptcy court should not impose a constructive trust on property in favor of a particular creditor since "[n]owhere in the Bankruptcy Code does it say, 'property held by the debtor subject to a constructive trust is excluded from the debtor's estate.' ... However, § 541(d) provides that

property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property ... becomes property of the estate under subsection Z(a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold."

*Id.* at 1448.

It would appear then, that when a court of competent jurisdiction orders property divided between spouses prepetition, the debtor at best could hold only legal title to that property awarded to the non-debtor spouse. The Debtor would hold no equitable interest, and the property would not become property of the estate.

In *Omegas* the Sixth Circuit followed the reasoning of *In re Stotler,* 144 B.R. 385, 388 (N.D.Ill.1992) in generally disfavoring the imposition of constructive trusts because "[i]mposition of a constructive trust clearly thwarts the policy of ratable distribution and should not be impressed cavalierly." *Id.* at 1451. The Court, however, went on to say that "[b]ecause a constructive trust, unlike an express trust, is a remedy, it does not exist until a plaintiff obtains a judicial decision finding him to be entitled to a judgment 'impressing' defendant's property or assets with a constructive trust." *Id.* at 1451. It could be argued that here, and in other cases where there is a valid Domestic Relations Court order predating the bankruptcy, there

has in fact been a judicial determination by a court in a separate proceeding that the Debtor's property is held for the benefit of another.

The *Omegas* decision also pointed out that "constructive trusts are anathema to the equities of bankruptcy since they take from the estate, and thus directly from competing creditors, not from the offending debtor." *Id.* at 1452. In the case before us, however, imposition of a constructive trust on the pension proceeds would not in fact take from competing creditors, since the Debtor's pension payments are exempt from the reach of creditors.

### C. *Equities Weigh in Favor of Defendant.*

Finally, the plaintiff/debtor made much of the fact that Mrs. McGraw had previously filed her own bankruptcy petition and is presently in a more favorable financial position than he is. He argues that because Mrs. McGraw is making more money than he is, it would be inequitable to award her a percentage of his pension benefits. We would point out that first, the parties' relative financial positions are not at issue here precisely for the reason Mr. McGraw argued; i.e., this award of property is not in the nature of support and thus we do not engage in the "present needs" inquiry set forth in *Calhoun.* Second, Mr. and Mrs. McGraw were presumably in the same financial situation on October 19, the day the agreed-upon Divorce Decree was entered, as they were one week later when Mr. McGraw's bankruptcy petition was filed. Finally, this Court is not awarding Mrs. McGraw a portion of the pension; the Domestic Relations Court already did so with the consent of both Mr. and Mrs. McGraw. We are merely declining to substitute our judgment for that of the Domestic Relations Court.

Further, if there are equities to be weighed, they must be weighed in light of the divorce decree. While there is no evidence on whether and to what extent the matters contained in the decree were negotiated, we note that the initial referee's report filed in June of 1993 called for 50% of the pension to be paid over to Mrs. McGraw. By the time the Divorce Decree was entered in October, the percentage had been decreased to 36½%, which leads us to the assumption that some discussion must have taken place regarding the how much of the pension plan should belong to each party.

We are increasingly troubled by the trend of parties to leave Domestic Relations Court with an agreement that settles property and alimony matters, only to immediately walk down the street to the federal courthouse and attempt to relitigate those issues. Such actions call into question the good faith of the parties and their counsel and raise thorny issues of comity and finality of judgments, to say nothing of attempting to make the Bankruptcy Court into some type of appellate divorce court. We do not think Congress intended this result when it enacted § 523(a)(5). While we recognize that certain marital debts and obligations are and should be dischargeable, we do not believe that § 523(a)(5) gives one spouse carte blanche to retain marital property at the other spouse's expense.

### III.   CONCLUSION

Accordingly, and for the reasons set forth above, summary judgment in favor of the defendant Jenifer A. McGraw is GRANTED and summary judgment in favor of plaintiff Kerry L. McGraw is DENIED.

IT IS SO ORDERED.