**In re Lewis GIBERSON and Amy Giberson, Debtors.**

No. 01–50693(SAS).

United States Bankruptcy Court, D. New Jersey.

March 21, 2001.

Leonard R. Wizmur, Wizmur and Gordon, Marlton, NJ, for the Debtors.

Cynthia S. Earl, Mount Laurel, NJ, for Robert Young.

### MEMORANDUM OPINION

STEPHEN A. STRIPP, Bankruptcy Judge.

This is the court's decision on a motion by Robert Young for relief from the automatic stay to pursue enforcement of a state court order. Amy Giberson and Lewis Giberson, debtors, oppose the motion. The court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 151, and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(G). This shall constitute the court's findings of fact and conclusions of law.

### FINDINGS OF FACT

The relevant facts are not in dispute. Mr. Young and debtor Amy Giberson, formerly known as Amy Young, were married and jointly owned property located at 44 Holly Boulevard, Southampton, New Jersey (hereinafter the "property"). Their marriage was dissolved on December 23, 1997 when the Superior Court of New Jersey (hereinafter "superior court") entered a final judgment of divorce. Pursuant to the divorce judgment, Mr. Young executed and delivered to Ms. Giberson a deed conveying his interest in the property to her. In consideration for that transfer, she was required to remain current on all mortgage obligations and to attempt to have Mr. Young released as a co-obligee on the mortgage.

In the two years that followed the entry of the divorce judgment, however, Ms. Giberson defaulted on the mortgage and failed to have Mr. Young released as a co-obligee. On March 19, 2000, the superior court ordered Ms. Giberson to obtain Mr. Young's release from the mortgage within ninety days. Ms. Giberson did not comply with that order. Consequently, on July 7, 2000, the superior court ordered Ms. Giberson to surrender possession of the property to Mr. Young and to execute and deliver a deed of the property to him by July 14, 2000.[1]

Ms. Giberson also failed to comply with that order. Instead, on July 14, 2000, the debtors filed a petition for relief under chapter 13 of the United States Bankruptcy Code, thereby automatically staying enforcement of the superior court order. In response, Mr. Young filed a motion for relief from the stay to pursue enforcement of the July 7, 2000 order. Before the stay motion was decided, however, the bankruptcy case was dismissed.

On December 20, 2000, the debtors moved to have their bankruptcy case rein-

---

1. The superior court's July 7, 2000 order provides in relevant part that (1) Ms. Giberson "shall turn over possession of the former marital property ... to [Mr. Young] on or before July 14, 2000;" (2) Mr. Young's "counsel shall prepare a quit claim deed, conveying all of [Ms. Giberson's] rights, title and interest in the former marital property, ... by July 11, 2000;" and (3) Ms. Giberson "shall execute said quit claim deed on or before July 14, 2000."

stated, and a hearing was set for January 30, 2001. On January 17, 2001, Mr. Young filed an order to show cause in the superior court regarding enforcement of the July 7, 2000 order. On January 22, 2001, one day before the order to show cause hearing, the debtors filed a second chapter 13 petition, commencing this case, and again staying enforcement of the superior court order.

On January 30, 2001, Mr. Young petitioned this court for a hearing on shortened time to reinstate his original stay relief motion. A hearing was held on February 14, 2001, after which the court reserved decision.

## CONCLUSIONS OF LAW

In deciding whether Mr. Young is entitled to relief from the automatic stay, the court will address three issues: (1) whether a constructive trust was imposed prepetition in favor of Mr. Young; (2) whether the debtors are barred by the doctrine of claim preclusion from relitigating issues involving the equitable or legal ownership of the property in light of the July 7, 2000 superior court order; and (3) whether, under the Rooker–Feldman doctrine, this court has jurisdiction to hear issues involving ownership of this property.

## I.

■■■ Under New Jersey law, a constructive trust can be imposed where property has been transferred by a wrongful act including fraud, mistake or undue influence or where property has not been wrongfully acquired but retention would result in unjust enrichment. *See Lawrence v. Lawrence (In re Lawrence)*, 237 B.R. 61, 81 (Bankr.D.N.J.1999)(*citing D'Ippolito, et al. v. Castoro, et al.*, 51 N.J. 584, 589, 242 A.2d 617 (1968); *Stewart v. Harris Structural Steel Co., Inc.*, 198 N.J.Super. 255, 265, 486 A.2d 1265 (App.

Div.1984)); *see also Warnock v. Goldin (In re First Interregional Advisors Corp.)*, 218 B.R. 722, 730 (Bankr.D.N.J.1997); *In re DeLauro*, 207 B.R. 412, 415 (Bankr.D.N.J. 1997). The party seeking the imposition of a constructive trust has the burden of proving the trust. *See In re American Intern. Airways, Inc.*, 44 B.R. 143, 146 (Bankr.E.D.Pa.1984)(*citing In re Minton Group*, 28 B.R. 774, 783 (Bankr.S.D.N.Y. 1983)).

In *In re DeLauro*, *supra*, the court held that New Jersey law imposes a constructive trust upon property transferred in a prepetition settlement agreement which was incorporated into a divorce judgment. *See In re DeLauro*, 207 B.R. at 415. More specifically, the court held that imposition of the trust was necessary to prevent the unjust enrichment of a debtor who wrongfully and willfully failed to convey property. *See id. DeLauro* was based on the principle that a court should impress a constructive trust when a person holding title to property is subject to a duty to convey it to another person. *See id.*, (quoting *In re American Intern. Airways, Inc.*, 44 B.R. at 146).

The debtors argue that *DeLauro* is distinguishable in that in *DeLauro*, the property was transferred in a divorce judgment, whereas the property in the instant case was transferred in a post-judgment enforcement order. The debtors cite no authority, however, for the supposed legal distinction between the two, nor for the conclusion that a valid and final order of the superior court cannot transfer property unless such transfer is contained in the judgment of divorce itself.

■■■ On the basis of *DeLauro* and the other authorities cited above, the court concludes that Ms. Giberson held the property in a constructive trust for Mr. Young as of the petition date. Under Code § 541(d), property subject to a construc-

tive trust is excluded from the bankruptcy estate. *See In re DeLauro*, 207 B.R. at 416 (*citing In re Columbia Gas*, 997 F.2d 1039, 1059 (3d Cir.1993)); *see also In re First Interregional*, 218 B.R. at 730.

## II.

The next issue is whether the superior court order is dispositive under the doctrine of claim preclusion as to any issues in the bankruptcy case involving the equitable and legal ownership of the property. At the hearing on February 14, 2001, the debtors argued that notwithstanding the superior court's July 7, 2000 order, Ms. Giberson retains an interest in the property which can be adjudicated and administered as part of the bankruptcy estate. The debtors further argued that this court should disregard the superior court order and conclude that the order did not effectuate a transfer of Ms. Giberson's interest in the property. For the reasons set forth below, the court disagrees.

■ Under claim preclusion, also known as *res judicata*, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. *See Coopers & Lybrand v. Gibbs (In re Gibbs)*, 107 B.R. 492, 496 (Bankr.D.N.J.1989)(*quoting Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)). Claim preclusion prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. *See id. at* 496 (*citing Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 378, 60 S.Ct. 317, 84 L.Ed. 329 (1940)). For the doctrine to apply, a litigant must show that there has been (1) a final judgment on the

merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action. *See CoreStates Bank, N.A. v. Huls America, Inc.*, 176 F.3d 187, 194 (3d Cir.1999).

■ All of the elements of claim preclusion are satisfied in the instant case. The superior court order enforcing the divorce judgment is a final judgment on the merits for purposes of claim preclusion because it disposed of all the issues between the parties as to ownership of the property. As for the remaining elements, it is undisputed that both Ms. Giberson and Mr. Young were parties to the superior court case as well as the instant case, and the issue of entitlement to the property was adjudicated in the prior case. In both cases, ownership of the same property is disputed between Mr. Young and Ms. Giberson. Since all of the elements for claim preclusion are present, the debtors' claim regarding the retention of an interest in the property is precluded by the superior court order of July 7, 2000.

## III.

Lastly, the court raised an issue *sua sponte* as to whether, under the Rooker–Feldman doctrine, the court has jurisdiction to hear issues concerning ownership of the property.

■ The Rooker–Feldman doctrine precludes lower federal court jurisdiction over claims that were actually litigated or "inextricably intertwined" with adjudication in state court. *See Parkview Assoc. Partnership v. City of Lebanon*, 225 F.3d 321, 325 (3d Cir.2000)(*citing Gulla v. North Strabane Twp.*, 146 F.3d 168, 171 (3d Cir.1998)).[2] This doctrine, which ap-

---

**2.** A matter is inextricably intertwined "where federal relief can only be predicated upon a

conviction that the state court was wrong." *See Parkview Assoc.*, 225 F.3d at 325 (*quoting*

plies equally to district as well as bankruptcy courts, prohibits federal courts from reviewing final orders of a state court with competent jurisdiction. *See Baldino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3d Cir.1997) *(citing In re Besing*, 981 F.2d 1488, 1496 (5th Cir.1993)(holding that the Bankruptcy Code was not intended to give litigants second chance to challenge state court judgment, nor did it intend for the bankruptcy court to serve as an appellate court for state courts)). Underlying the doctrine is the principle that lower federal courts are courts of original jurisdiction, while appellate jurisdiction over state court judgments in civil cases lies only with the Supreme Court of the United States. *See Parkview Assoc.*, 225 F.3d at 329 *(quoting GASH Assoc. v. Village of Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993)).

In the instant case, the ownership issue was actually litigated in the superior court. The debtors concede that the superior court order is valid and final. *See* Transcript dated February 14, 2001, pg. 7, ln. 1–4. The debtors nevertheless ask this court to disregard the state superior court order, and to adjudicate and administer the property as part of the bankruptcy estate. The court does not have jurisdiction to do so because of the Rooker–Feldman doctrine.

## CONCLUSION

For the reasons stated herein, the motion for relief from the automatic stay to pursue enforcement of the July 7, 2000 order of the superior court is granted. The movant is to submit an order within ten days on notice to the debtors and the trustee under the five-day rule.

*Centifanti v. Nix*, 865 F.2d 1422, 1430 (3d   Cir.1989)).