788 A.2d 949

EDWARD EVANS, PLAINTIFF, v. CRYSTAL EVANS, DEFENDANT.

Superior Court of New Jersey
Chancery Division/Family Part
Atlantic County

Decided September 7, 2001.

*John Hutt,* for plaintiff.

*Patricia A. Darden,* for defendant.

BAKER, J.S.C.

This is a post judgment application filed by defendant, Crystal Evans, for an order requiring the plaintiff to comply with the terms of the final judgment of divorce that provided for an equitable distribution of the plaintiff's 401K plan.

The unique aspect of this application is that plaintiff, subsequent to the entry of the final judgment of divorce, filed a chapter 7 bankruptcy proceeding and received a discharge of debtor. The discharge of debtor was dated July 16, 2001. Plaintiff named defendant as a creditor on his bankruptcy petition.

The issue presented to the court is the effect of plaintiff's bankruptcy petition and subsequent discharge on defendant's right to receive her equitable distribution share of plaintiff's 401K plan.

For the reasons set forth below, the court has determined that the discharge in bankruptcy received by plaintiff has no effect upon defendant's right to receive her equitable distribution share of plaintiff's 401K plan.

The facts presented to the court are not in dispute. The court granted a final judgment of divorce dated February 13, 2001. The final judgment of divorce contained stipulations that the parties entered into on the record in court on January 4, 2001. Both parties were represented by counsel at that time and the court was satisfied that the parties entered into the agreement knowingly and voluntarily with the assistance of their attorneys. Specifically, paragraph 4 of the final judgment of divorce provides as follows:

4. The defendant shall immediately receive $15,000.00 from the plaintiff's 401K as her share of equitable distribution and $2,500.00 from the 401K as a contribution toward the joint marital debt. The defendant shall also immediately pay the $800.00 in counsel fees which was due October 24, 2001 from his 401K. The defendant shall bear the tax consequences of the withdrawal of funds referred to in this paragraph and in paragraph 3.

Paragraph 3 of the final judgment of divorce pertains to certain alimony payments.

The court has been unable to find any case directly on point reported in the State of New Jersey. However, the court concludes, for a variety of reasons, that the discharge in bankruptcy received by plaintiff from the United States Bankruptcy Court does not defeat the rights established by defendant in the final

judgment of divorce to receive her equitable distribution share of plaintiff's 401K plan.

■ The first step in the analysis is to determine whether or not plaintiff's 401K plan is part of the bankruptcy estate and, therefore, controlled by the bankruptcy court. N.J.S.A. 25:2–1(b) specifically states that "any property held in a qualifying trust and any distributions from a qualifying trust, regardless of the distribution plan elected for the qualifying trust shall be exempt from all claims of creditors and shall be excluded from an estate in bankruptcy ..." The statute goes on to state that "for the purposes of this section, a 'qualifying trust' means a trust created or qualified and maintained pursuant to federal law, including but not limited to, section 401 ... of the Internal Revenue Code of 1986 ..." Therefore, plaintiff's 401K plan is not considered to be a part of his bankruptcy estate. In fact, during oral argument, plaintiff conceded that he retained full ownership of his 401K plan.

It would be inequitable to allow plaintiff to "discharge" defendant's right to her equitable distribution share of plaintiff's 401K plan in light of the fact that plaintiff has been successful in retaining 100% ownership of his 401K plan and shielding that plan from any of his creditors.

■ There is another reason why defendant's right to receive her share of plaintiff's 401K plan has not been discharged in the bankruptcy action. Defendant argues that upon the entry of the final judgment of divorce her equitable distribution share of plaintiff's 401K plan was held by plaintiff in a constructive trust until such time as the requisite transfer of funds was accomplished. Justice Haneman expressed the view "that a constructive trust will be impressed in any case where to fail to do so will result in an unjust enrichment." *D'Ippolito, et al. v. Castoro, et al.,* 51 *N.J.* 584, 588, 242 *A.*2d 617 (1968). Justice Haneman went on to state "all that is required to impose a constructive trust is a finding that there was some wrongful act, usually, though not limited to, fraud, mistake, undo influence, or breach of a confidential relationship, which has resulted in a transfer of property...

Scott on Trusts ... goes so far as to suggest that 'a constructive trust may arise, however, even though the acquisition of the property was not wrongful. It arises where the retention of the property would result in an unjust enrichment of the person retaining it.' " Id. at 589, 242 A.2d 617.

■ Under the facts of the current case, it would be unjust to allow plaintiff to keep 100% of his 401K plan without any obligation to transfer to defendant her equitable distribution share of that plan. The court notes that plaintiff filed his chapter 7 bankruptcy petition within a relatively short period of time after agreeing to transfer to defendant a share of his 401K plan. While no plenary hearing was conducted to determine if there was any fraud, mistake or undue influence, the court is satisfied that plaintiff acted in bad faith by agreeing to the terms of the settlement without any intention of actually transferring any monies to defendant. The court is familiar with plaintiff's actions throughout the pendente lite proceedings in this matter. Plaintiff was uncooperative and resistant to the idea that defendant should receive any share of the marital estate, and appears plaintiff filed his bankruptcy petition with the knowledge that his 401K plan would be exempt from all his creditors. Apparently plaintiff agreed to the terms of the final judgment of divorce expecting that defendant's right to receive her share of his 401K plan would be eliminated during the bankruptcy proceeding. Plaintiff's bad faith gives the court a basis to determining that upon the entry of the final judgment of divorce defendant's equitable distribution share of plaintiff's 401K plan was held by plaintiff in trust for defendant until such time as the transfer of the monies actually occurs. In such a situation, those monies are exempt from the bankruptcy estate. In re Anthony J. DeLauro, 207 B.R. 412 (Bankr.D.N.J. 1997).

In light of all of the above, defendant's application is granted. At defendant's request, the court has appointed an individual to act as an attorney-in-fact on behalf of plaintiff to effectuate the transfer of defendant's equitable distribution interest in plaintiff's

401K plan to an individual retirement account that she shall establish. Plaintiff is given a period of thirty (30) days to sign any and all documents necessary for the transfer of the monies. Should he fail to do so, the attorney-in-fact appointed by the court is authorized to act in plaintiff's place to effectuate the transfer.