*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to 6th
Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name: 06b0014n.06**

## BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| In re:  RICHARD D. HINES, | ) | |
| Debtor. | ) | No. 05-8065 |
| _____ | ) | |
| RICHARD D. HINES, | ) | |
| Appellant, | ) | |
| v. | ) | |
| MONIKA HINES, | ) | |
| Appellee. | ) | |
| _____ | ) | |

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio, Western Division at Cincinnati.
No. 05-12959.

Argued and Submitted: May 3, 2006

Decided and Filed:  June 29, 2006

Before: GREGG, PARSONS, and WHIPPLE, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ARGUED:** Daniel S. Zegarski, ZEGARSKI & ICE CO., L.P.A., Cincinnati, Ohio, for Appellant.
**ON BRIEF:** Daniel S. Zegarski, ZEGARSKI & ICE CO., L.P.A., Cincinnati, Ohio, for Appellant.
Michael S. Bailey, BAILEY & GUNDERSON CO., L.P.A., Cincinnati, Ohio, for Appellee.

---

**OPINION**

---

JAMES D. GREGG, Bankruptcy Appellate Panel Judge. Richard D. Hines ("Debtor") appeals a bankruptcy court order sustaining the objection of Monika Hines ("Hines"), his former wife, to confirmation of his chapter 13 plan that treated her as an unsecured, nonpriority creditor. The bankruptcy court concluded that the debt owed by the Debtor to his former wife, which arose out of the parties' divorce decree, was nondischargeable because Hines had been awarded a separate property interest in the Debtor's retirement account, which interest the Debtor held in constructive trust. Following the controlling decision of the Sixth Circuit Court of Appeals in *McCafferty v. McCafferty (In re McCafferty)*, 96 F.3d 192 (6th Cir. 1996), the Panel AFFIRMS the bankruptcy court's decision.

## I. ISSUE ON APPEAL

The issues presented on appeal are (1) whether a share of the Debtor's retirement plan awarded to his former wife in the parties' divorce decree is a dischargeable debt; (2) whether the Debtor can properly treat his former wife, whose claim arose out of the parties' divorce decree, as an unsecured, nonpriority creditor; (3) whether the bankruptcy court erred by denying confirmation of the Debtor's chapter 13 plan when the objector did not specify the Bankruptcy Code provision upon which the objection was based as required by the local rules of the bankruptcy court; and (4) whether the bankruptcy court erred in determining dischargeability in the context of contested plan confirmation rather than by adversary proceeding.

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Southern District of Ohio has authorized appeals to this Panel and a final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted). Because the order at

issue determined dischargeability of a debt, it is a final and appealable order.  *See Van Aken v. Van Aken (In re Van Aken)*, 320 B.R. 620, 622 (B.A.P. 6th Cir. 2005) (citing *Cundiff v. Cundiff (In re Cundiff)*, 227 B.R. 476, 477 (B.A.P. 6th Cir. 1998)).

Findings of fact by the bankruptcy court are reviewed under the clearly erroneous standard. Fed. R. Bankr. P. 8013.  "A finding of fact is clearly erroneous 'when although there is evidence to support it, the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been committed.'"  *In re Mathews*, 209 B.R. 218, 219 (B.A.P. 6th Cir. 1997) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S. Ct. 1504, 1511 (1985)). Conclusions of law are reviewed de novo.  *In re John Richards Home Bldg. Co.*, 439 F.3d 248, 254 (6th Cir. 2006).  "De novo review requires the Panel to review questions of law independent of the bankruptcy court's determination."  *In re Eubanks,* 219 B.R. 468, 469 (B.A.P. 6th Cir. 1998) (citations omitted).  Whether the bankruptcy court properly excused a departure from its local rules is reviewed on appeal for abuse of discretion.  *See Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1048 (2d Cir. 1991).  A court abuses its discretion if, upon review, the appellate court is left with a "definite and firm conviction that the [bankruptcy court] committed a clear error of judgment."  *In re M.J. Waterman & Assocs., Inc.*,  227 F.3d 604, 607-08 (6th Cir. 2000) (quoting *Soberay Mach. & Equip. Co. v. MRF Ltd.*, 181 F.3d 759, 770 (6th Cir.1999)).  "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion."  *Id.* at 608 (citations omitted).

### III.   FACTS

On July 10, 2001, the Domestic Relations Division of the Common Pleas Court of Hamilton County, Ohio, granted the Debtor and Hines a divorce.  The state court entered a decree that both terminated the marriage and, among other particulars not relevant here, detailed how the marital property was to be divided.  The pertinent portion of the divorce decree states:

> [Debtor] shall, solely and exclusively, retain his retirement/pension plan through his employer, City of Cincinnati, free and clear of any interest of [Hines].  However, [Debtor] shall pay to [Hines] $12,500 no later than thirty-six (36) months from the journalization of this Decree of Divorce as and for her netted share of his retirement.

(J.A. at 10.)[1]

After failing to pay Hines the $12,500 awarded by the divorce decree, the Debtor filed a petition under chapter 13 of the Bankruptcy Code on April 20, 2005. The Debtor's plan, which was filed contemporaneously with his petition, provided for unsecured creditors to be paid 5% of their claims and his schedules listed Hines as an unsecured, nonpriority creditor.

On June 3, 2005, Hines filed an objection to confirmation of the Debtor's plan, seeking an order of the bankruptcy court that the $12,500 debt is nondischargeable and that it be paid in full.[2] Hines relied upon the decision in *McCafferty v. McCafferty (In re McCafferty)*, 96 F.3d 192 (6th Cir. 1996), wherein the Sixth Circuit Court of Appeals held that a divorce decree created a constructive trust of a portion of the debtor's retirement plan for the benefit of the ex-spouse. As a result, the property interest of the ex-spouse in the debtor's retirement plan never became part of the debtor's bankruptcy estate and was not a dischargeable debt. *Id*. at 199-200.

The Debtor responded to the objection, asserting that the holding in *McCafferty* was inapplicable because the language in the divorce decree states that the Debtor retained his retirement "solely and exclusively" and "free and clear of any interest of [Hines]."

In an order entered August 10, 2005, the bankruptcy court sustained Hines' objection to confirmation of the Debtor's plan "because it propose[d] to treat her as an unsecured non-priority creditor who will receive 5% under the plan, when the debt owed her cannot be categorized simply as an unsecured debt." (J.A. at 25.) Further, determining *McCafferty* controlling, the bankruptcy court concluded, "[b]ecause the divorce decree was entered prior of (sic) the bankruptcy, [Hines'] interest vested pre-bankruptcy, is not part of the debtor's bankruptcy estate, is non-dischargeable, and is held by debtor in constructive trust for [Hines]." (J.A. at 25.) This timely appeal followed.

---

**1** The typed version of the divorce decree had the word "vested" rather than "netted" in the last line of this paragraph. However, "vested" was marked out and "netted" was handwritten above, with the changes initialed by the attorney for the Debtor.

**2** Hines also objected to the Debtor's plan because it did not provide for payment of parochial school education tuition for their minor children as was ordered pursuant to their divorce decree. However, the Debtor filed an Amended Plan on June 19, 2005, which provided for payment of the school tuition thereby mooting that objection to the plan.

## IV. DISCUSSION

The Sixth Circuit Court of Appeals has previously addressed the primary issue presented here in *McCafferty v. McCafferty (In re McCafferty)*, 96 F.3d 192 (6th Cir. 1996). *McCafferty* is controlling. In *McCafferty*, the debtor and his ex-wife were granted a divorce by the Court of Common Pleas in Columbiana County, Ohio. An order dividing the marital property was entered, holding that Ms. McCafferty was entitled to one-half of the value of Mr. McCafferty's pension on the date of the divorce, $100,250.21. The divorce court stated that the $100,250.21 judgment was awarded "as a distribution of her interest in [Mr. McCafferty]'s retirement plan." *Id.* at 194-95. Mr. McCafferty was ordered to pay the judgment in installments of $1,500 per month. At the time of the judgment, Mr. McCafferty was not yet retired. *Id*. at 193-94.

Seven months later, Mr. McCafferty filed a petition for relief under chapter 7 of the Bankruptcy Code and listed Ms. McCafferty as a holder of unsecured debts which he then sought to discharge. In turn, Ms. McCafferty asserted that the divorce decree had effectively granted her $100,250.21 in separate property held in constructive trust by her ex-husband. Because the property was held in a constructive trust, she argued, it could not be considered part of the bankruptcy estate and was not a dischargeable debt. *Id*. at 194.

On appeal, the Sixth Circuit first determined whether a separate property interest was granted by virtue of the divorce decree. Acknowledging that the issue was controlled by state law, the court examined Ohio law and found that retirement benefits are marital property subject to division upon termination of a marriage. *Id.* at 197 (citing *Hoyt v. Hoyt*, 53 Ohio St. 3d 177, 178, 183, 559 N.E.2d 1292 (1990)). The court also found that "[o]nce the division of property is fixed by the court, both spouses are legally entitled to the share respectively allotted to them." *Id. (*quoting *Zimmie v. Zimmie*, 11 Ohio St. 3d 94, 97, 464 N.E.2d 142 (1984); *and citing Erb v. Erb*, 75 Ohio St. 3d 18, 22, 661 N.E.2d 175 (1996) (divorce decree found to have awarded wife a separate ownership interest in the husband's pension benefits); *Wilson v. Wilson (In re Wilson)*, 158 B.R. 709, 711 (Bankr. S.D. Ohio 1993) (holding that as a result of a divorce decree, the debtor's former wife became the equitable owner of a portion of the assets in the debtor's retirement fund)). Based on state law and the language of the divorce decree which stated that the award was a distribution of her interest in

the retirement plan, the Sixth Circuit Court of Appeals held that the Ohio divorce court awarded Ms. McCafferty a separate property interest. *Id.* at 197.

Having found that a separate property interest was awarded by the Ohio divorce court, the Sixth Circuit next examined, under state law, whether the effect of the divorce decree was to "impress" a constructive trust upon the interest. The court noted that pursuant to Ohio law, a court need not declare that a constructive trust has been created, but rather such a trust arises by operation of law to prevent unjust enrichment. *In re McCafferty*, 96 F.3d at 198 (citing *Kungle v. Equitable Gen. Ins. Co.*, 27 Ohio App. 3d 203, 500 N.E.2d 343 (1985); *Croston v. Croston,* 18 Ohio App.2d 159, 162, 247 N.E.2d 765 (1969)). Further, where there is a valid court order predating the bankruptcy, there has been a judicial determination by a court in another proceeding that the property is held for the benefit of another. *Id.* (citing *McGraw v. McGraw (In re McGraw)*, 176 B.R. 149, 151-52 (Bankr. S.D. Ohio 1994)). Based on the foregoing principles, the Sixth Circuit held that the Ohio court's order created a constructive trust to protect Ms. McCafferty's interest which survived the bankruptcy. *Id.* As a result, Mr. McCafferty retained only bare legal title in the designated portion of the plan's benefits, and Ms. McCafferty became the equitable owner of the retirement plan to that extent. *Id.* Thus, the property interest never became part of the bankruptcy estate and was not a dischargeable debt. *See id.* at 199-200; 11 U.S.C. § 541(d).

Here, Hines asserts that, similarly to the divorce decree in *McCafferty*, the divorce decree in this instance awarded her a separate interest in the Debtor's retirement plan and created a constructive trust to protect that interest. In opposition, the Debtor argues that, unlike the divorce decree in *McCafferty*, the specific language of the divorce decree, which states that the benefits are held "solely and exclusively" and "free and clear," precludes a finding that Hines was awarded a separate interest in the retirement plan and that, as a result, no constructive trust was created.

The Panel rejects the Debtor's argument. There is no substantive difference between the divorce decree in *McCafferty,* which awarded the wife a monetary amount as "a distribution of her interest in the [husband's] retirement plan," and the decree in the instant case, which awarded Hines a sum "as and for her netted share of [the Debtor's] retirement." Further, as occurred in *McCafferty*, the effect of the divorce decree in the present case was to impress a constructive trust upon Hines' interest in the retirement plan. As the Sixth Circuit stated in *McCafferty*, a court in Ohio need not

use the words "constructive trust" for one to be impressed upon the interest awarded. The *McCafferty* court concluded that the divorce decree before it did just that, even though the husband had been ordered to make money payments to the wife rather than actually distribute her portion of the retirement account to her. *Id*. at 199. As explained by the Sixth Circuit:

> The court's decree irrevocably established Ms. McCafferty's separate interest in her husband's pension benefits and determined that direct payment by her husband would best protect her interest. How the pension distribution was to be effected does not change the fact that Ms. McCafferty was the equitable owner of $100,250.21 of the pension benefits when Mr. McCafferty began this bankruptcy proceeding.

*Id*.

This Panel is not persuaded that this case is distinguishable from *McCafferty* based on the language in the divorce decree that the debtor shall retain his retirement plan "solely and exclusively" and "free and clear of any interest of [Hines]" as the Debtor argues. This language is merely a restatement of the directive that Hines was to be paid her interest in cash from the Debtor rather than await distribution from the retirement plan itself, and *McCafferty* makes clear that the method of payment does not alter the ownership interests. Additionally, the language in the divorce decree does not abrogate the intent of the provision when read in its entirety, a recognition that Hines was awarded a separate property interest in the Debtor's retirement plan. The Panel interprets the language relied upon by the Debtor as providing that the remainder of the Debtor's retirement benefits shall remain his solely and exclusively. The result here is the same as *McCafferty*. Hines has a separate property interest in the Debtor's retirement plan to be held in constructive trust by the Debtor. Hines' separate property interest is not property of the Debtor's bankruptcy estate; it is not a dischargeable debt. As a result, the Debtor is prohibited from treating Hines' property interest in the retirement plan as an unsecured, nonpriority claim.

The Panel also rejects the Debtor's procedural arguments. The Debtor argues that Hines' objection to confirmation failed to specify with particularity the applicable Bankruptcy Code provision as required by local rules of court. While this issue was raised before the bankruptcy court, it was not specifically addressed in the bankruptcy court's order.[3] Presumably, the bankruptcy court

---

[3] This issue was addressed in the Debtor's written response to Hines' objection to confirmation, but it was not addressed by the Debtor at the hearing before the bankruptcy court. However, it was again raised by the Debtor on appeal to this Panel.

excused the departure from its local rules in accordance with its inherent authority, and we find no abuse of discretion by the court. *See Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1048 (2d Cir. 1991) (finding that the court has inherent power and discretion to decide when departure from its local rules should be excused or overlooked).

The Debtor further argues that the court erred in determining dischargeability in the context of plan confirmation rather than by adversary proceeding. He asserts that even if Hines holds a separate property interest, this result does not constitute a basis to derail the Debtor's plan. The Panel also rejects this assertion. The Debtor attempted to eliminate Hines' separate property interest in the retirement plan using the plan confirmation process. As stated by the Sixth Circuit in *McCafferty*, "[w]e doubt that Congress ever intended that a former wife's judicially decreed sole and separate property interest in a pension payable to her former husband should be subservient to the Bankruptcy Code's goal of giving the debtor a fresh start." *In re McCafferty*, 96 F.3d at 200 (quoting *Bush v. Taylor*, 912 F.2d 989, 994 (8th Cir. 1990)).

Moreover, no prejudice resulted from the lack of an adversary proceeding. The Debtor does not even argue that he has been prejudiced. Without question, Hines' objection placed the Debtor on notice of the substantive basis for the objection, and the controlling precedent, the Sixth Circuit's *McCafferty* decision. Additionally, the bankruptcy court held a full hearing on the matter without further procedural objection from the Debtor. In the absence of any demonstrable prejudice, there is no error resulting from the lack of a formal adversary proceeding. *See Tully Constr. Co. v. Cannonsburg Envtl. Assocs., Ltd. (In re Cannonsburg Envtl. Assocs., Ltd.)*, 72 F.3d 1260, 1264-65 (6th Cir. 1996) (finding that seeking a declaratory order to extend loan money by motion rather than adversary proceeding was harmless error where procedures were essentially the same and there was no prejudice to the nonmovant; refusing to "enshrine form over substance" in the absence of demonstrable prejudice from filing a motion rather than a formal adversary proceeding); *see also, e.g., In re Valente*, 360 F.3d 256, 265 (1st Cir. 2004) (failure to require adversary proceeding to determine whether debtor retained equitable interest in transferred real estate was harmless error given that standard of proof in both types of proceedings was the same and both used similar procedures without prejudice to the debtor); *In re Swizzlestick, L.L.C.*, 253 B.R. 264, 267 (Bankr. W.D. Mo. 2000) ("[T]he Court will not elevate the form of the proceeding in which a lien issue is

to be considered, if the substance of the hearing on that issue is such that the objecting party has been afforded due process.").

## V.   CONCLUSION

For the foregoing reasons, the decision of the bankruptcy court is AFFIRMED.